# SULLIVAN,

## DECEMBER TERM, A. D. 1844.

---

### STICKNEY *v.* STICKNEY.

In an action of debt, the summons need not set forth the sum demanded in damages, and for what it is demanded, notwithstanding those matters are set forth in the declaration.

DEBT on a bond. The declaration alleged that the defendant by his writing obligatory under seal covenanted and agreed to and with the plaintiff, that he would properly maintain, support, and comfortably clothe the plaintiff and his wife during their natural lives; and that the defendant had failed so to do, to the damage of the plaintiff the sum of ten hundred dollars.

The defendant craved oyer of the writ and produced the summons, praying to have it enrolled; and then pleaded in abatement, because the summons did not contain the substance of the declaration, in that it did not set forth what sum was demanded in damages and for what.

*Burke,* for the defendant. The declaration commences in the technical form of a plea of debt, but in substance it is a declaration in covenant.

The substance of the declaration must determine its character, and not the technical form of its commencement.

If this view of the matter be correct, the summons should have set forth what sum is demanded in damages.

Stickney *v.* Stickney.

and for what—and for want of this statement in the summons the writ must abate.

*Forsaith & Metcalf*, for the plaintiff.

PARKER, C. J. This is not an action of covenant. The defendant is summoned to answer "in a plea of debt," and that determines the character of the action. The declaration may be a very bad declaration in debt, but defects of that character are the subject of demurrer; and upon demurrer the plaintiff might move to amend, if he could make a better declaration.

In an action of debt it is not necessary to set forth in the summons the sum demanded in damages, and for what it is demanded. The plea in abatement must therefore be adjudged to be insufficient.

*Respondent ouster.*